Dean Gazzo Roistacher LLP
Mitchell D. Dean, Esq. (SBN 128926)
Adrian M. Paris, Esq. (SBN 301355)
440 Stevens Avenue, Suite 100
Solana Beach, CA 92075
Telephone: (858) 380-4683
Facsimile: (858) 492-0486
E-mail:   mdean@deangazzo.com
          aparis@deangazzo.com

Attorneys for Defendant
City of Banning

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| MEGAN REEVES, | Case No.: 5:22-CV-02021-SB-MRW |
|---|---|
| Plaintiff, | **ANSWER OF DEFENDANT CITY OF BANNING TO PLAINTIFF'S COMPLAINT** |
| v. | |
| RIVERSIDE COUNTY SHERIFF'S DEPARTMENT, BANNING POLICE DEPARTMENT. BEAUMONT POLICE DEPARTMENT. CITY OF BANNING, CITY OF BEAUMONT. DEPUTY JOHN DOES #1 -8 (official and individual capacities), | Judge: Stanley Blumenfeld, Jr.<br>Magistrate: Michael L. Wilner<br><br>Complaint filed: November 9, 2022<br>Trial Date: None set |
| Defendants. | |

Defendant City of Banning ("Defendant"), answers plaintiff's Complaint ("Complaint") as follows:

1. Answering Section I, paragraph A of the Complaint, Defendant does not have sufficient knowledge or information to admit or deny these allegations and on that basis deny.

2. Answering Section I, paragraph B of the Complaint, Defendant admits.

///

3. Answering Section II, paragraph B of the Complaint, Defendant avers that the allegations of said paragraph state a legal conclusion and do not contain any substantive or factual allegations against Defendants. Thus, no response is required. However, to the extent that this paragraph contains substantive or factual allegations, Defendant denies each and every allegation contained therein.

4. Answering Section II, paragraph C of the Complaint, Defendant avers that the allegations of said paragraph state a legal conclusion and do not contain any substantive or factual allegations against Defendants. Thus, no response is required. However, to the extent that this paragraph contains substantive or factual allegations, Defendant denies each and every allegation contained therein.

5. Answering Section II, paragraph D of the Complaint, Defendant avers that the allegations of said paragraph state a legal conclusion and do not contain any substantive or factual allegations against Defendants. Thus, no response is required. However, to the extent that this paragraph contains substantive or factual allegations, Defendant denies each and every allegation contained therein.

6. Answering Section III, paragraph A of the Complaint, Defendant admits.

7. Answering Section III, paragraph B of the Complaint, Defendant admits.

8. Answering Section III, paragraph C of the Complaint, Defendant denies these allegations.

9. Answering Section IV of the Complaint, Defendant denies these allegations and/or that plaintiff is entitled to any form of relief and/or damages.

10. Answering Section V of the Complaint, Defendant denies these allegations and/or that plaintiff is entitled to any form of relief and/or damages.

## **AFFIRMATIVE DEFENSES**

As for separate and distinct affirmative defenses, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

11. The Complaint fails to state a claim against the Defendant upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

12. Any loss or damages sustained by plaintiff(s) were in whole or in part due to the acts or omission by plaintiff(s), and plaintiff(s)'s award, if any, should be reduced by his or her proportional share of negligence, fault, recklessness, or unlawful conduct.

### THIRD AFFIRMATIVE DEFENSE

13. At all relevant times, the individual Defendants acted within their scope of discretion, with due care, and good faith fulfillment of responsibilities pursuant to the applicable statutes, rules and regulations within the bounds of reason, and with the good faith belief that their actions comported with al applicable federal and state laws. *Harlow v. Fitzgerald* 457 U.S. 800 (2007). *Saucier v. Katz* 533 U.S. 194 (2001).

### FOURTH AFFIRMATIVE DEFENSE

14. Plaintiff failed to mitigate her damages and should be barred from recovery of such amounts.

### FIFTH AFFIRMATIVE DEFENSE

15. Defendant alleges that if any damages were sustained by plaintiff, the damages were proximately caused by the acts and/or omission of others over whom defendant exercises no control and for whose acts the defendant are not responsible.

### SIXTH AFFIRMATIVE DEFENSE

16. Defendant alleges that plaintiff's complaint fails to state facts sufficient to set forth a claim for punitive damages against the Defendant.

///

///

3

**SEVENTH AFFIRMATIVE DEFENSE**

17. Defendant acted in good faith without malice, and upon a reasonable belief that their conduct was lawful and necessary.

**EIGHTH AFFIRMATIVE DEFENSE**

18. Defendant is not liable for injuries resulting from acts or omissions which were an exercise of their discretion.

**NINTH AFFIRMATIVE DEFENSE**

19. Defendants were acting on a good faith and reasonable belief that the acts complained of occurred within the scope of the Defendant officer's official duties and they had no knowledge that the alleged wrongful acts, if any, were illegal and/or unconstitutional nor were said alleged wrongful acts, if any, clearly a violation of plaintiff's rights at the time they were committed.

**TENTH AFFIRMATIVE DEFENSE**

20. Defendants allege that plaintiff has failed to bring this action in a timely manner and has otherwise failed to maintain this action within the applicable statute of limitations periods.

**ELEVENTH AFFIRMATIVE DEFENSE**

21. Defendant City of Banning is not liable for plaintiffs' injuries or damages as its policies, customs and practices were constitutional, lawful, reasonable and/or not a direct or proximate cause of injury to plaintiff.

**TWELFTH AFFIRMATIVE DEFENSE**

22. Defendant is informed and believe that each and every act or omission of the Defendants were made or done in good faith and in the reasonable belief in the necessity or propriety of such act or omission for the proper execution and enforcement of the law and Defendants are not liable for any act or omission resulting from the use of due care in the execution or enforcement of the law.

///

///

## THIRTEENTH AFFIRMATIVE DEFENSE

23. Defendant alleges that plaintiff's claims are barred by the equitable doctrines of estoppel, laches and/or unclean hands.

## FOURTEENTH AFFIRMATIVE DEFENSE

24. The police officers employed by this answering defendant are immune from liability base on qualified immunity because either they did not violate the Fourth Amendment rights of this plaintiff's decedent, or else the law was not clearly established.

## FIFTEENTH AFFIRMATIVE DEFENSE

25. Defendant currently has insufficient knowledge or information upon which to determine whether additional affirmative defenses may be available to it which have not yet been asserted in this answer, and therefore reserve the right to assert additional affirmative defenses upon subsequent discovery, investigation, and analysis.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant prays as follows:

1. That plaintiff takes nothing by her Complaint;
2. That Defendant be awarded its attorneys' fees and costs of suit;
3. That the sole liability of this Defendant, if any, be limited in proportion to the degree of fault attributable to the answering Defendant; and
4. For such other and further relief as the court deems just and proper.

///
///
///
///
///
///
///

# DEMAND FOR JURY TRIAL

**NOTICE IS HEREBY GIVEN** that Defendant City of Banning demands a jury trial in the above-entitled action pursuant to the provisions of Rule 38(b)(1) of the Federal Rules of Civil Procedure.

Dated: December 19, 2022                    Dean Gazzo Roistacher LLP

By: */s/ Mitchell D. Dean*
　　Mitchell D. Dean
　　Adrian M. Paris
　　Attorneys for Defendant
　　City of Banning
　　Email:  mdean@deangazzo.com
　　　　　　aparis@deangazzo.com