UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 22-1910 SB (MRW)<br>ED CV 22-2021 SB (MRW) | Date | December 20, 2022 |
|---|---|---|---|
| Title | Reeves v. City of Palm Springs<br>Reeves v. Riverside County Sheriff's Dep't | | |

| Present: | Hon. Michael R. Wilner, U.S. Magistrate Judge | |
|---|---|---|
| | James Muñoz | n/a |
| | Deputy Clerk | Court Reporter / Recorder |
| | Attorneys for Plaintiff: | Attorneys for Defendant: |
| | n/a | n/a |

**Proceedings:**   ORDER RE: CONSOLIDATION OF ACTIONS

These are two parallel civil rights actions. Plaintiff alleges that her domestic partner was killed by law enforcement officers after a car chase. She seeks to recover damages under various federal and state tort provisions.

The assigned district judge granted Plaintiff leave to proceed in pauperis in both actions. As noted in Judge Blumenfeld's preliminary orders, both complaints clearly involve common questions of facts and law. The Clerk of Court is directed to CONSOLIDATE the actions under Rule 42(a)(2). Moving forward, the single action will be denominated as Reeves v. City of Palm Springs, et al., ED CV 22-1910 SB (MRW).

\* \* \*

In an action in which the Court has granted IFP status, it would consider whether to have the U.S. Marshals Service serve process under 28 U.S.C. § 1915. However, a review of the docket shows that: (a) Plaintiff requested the issuance of summonses at the time she initiated the actions; and (b) one of the municipalities has already filed an appearance in the action. Both of these events suggest that Plaintiff plans to serve the complaint on the named (i.e. non-Doe) parties herself, although Plaintiff did not file a legitimate proof of service with the Court.

Plaintiff is therefore directed to confirm whether or not she plans to properly serve the defendants on her own pursuant to Federal Rule of Civil Procedure 4. Plaintiff will submit a declaration (not to exceed four pages) by or before January 13 explaining the status of service on the parties, the manner and date by which she served the defense, and submitting proof of service. Alternatively, if she requests USMS service of process (which

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 22-1910 SB (MRW)<br>ED CV 22-2021 SB (MRW) | Date | December 20, 2022 |
|---|---|---|---|
| Title | Reeves v. City of Palm Springs<br>Reeves v. Riverside County Sheriff's Dep't | | |

may take an extended period of time), she must affirmatively request this and provide accurate street addresses for each party to be served.

After Plaintiff resolves this action, the Court will issue additional case management and screening orders as appropriate. It is Plaintiff's responsibility to notify the Court and defense counsel of any change of address and the effective date of the change. If Plaintiff fails to keep the Court informed of a correct mailing address, this case may be dismissed under Local Rule 41-6, which states as follows:

> **If mail directed by the Clerk to a *pro se* plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of his current address, the Court may dismiss the action with or without prejudice for want of prosecution.**

**THE COURT EXPECTS STRICT COMPLIANCE WITH ALL TERMS OF THIS ORDER AND THE LOCAL RULES OF COURT**